UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHLEEN M. WHALEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN COLVIN,<br><br>    Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. C15-1963RSM<br><br>ORDER ON SOCIAL SECURITY DISABILITY |

## I.    INTRODUCTION

Plaintiff, Kathleen Whalen, brings this action pursuant to 42 U.S.C. §§ 405(g), and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits under Title II of the Social Security Act.  This matter has been fully briefed and, after reviewing the record in its entirety, the Court REVERSES and REMANDS the Commissioner's decision for further proceedings.

## II.    BACKGROUND

Plaintiff filed concurrent applications for Social Security Disability Insurance (SSDI) and Supplemental Security Income ("SSI") disability benefits on October 3, 2011.  Tr. 397 and 401.  She reapplied for Title XVI benefits on March 21, 2012 and Title II benefits on March 26, 2012.  Tr. 410-411.  Ms. Whalen alleged severe limitations from her dystonia which results in

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 1

unpredictable, involuntary jerking and twisting movements, since January 8, 2010, her amended onset date. Tr. 56. A hearing was held before Administrative Law Judge M.J. Adams on June 4, 2013, and supplemental hearings took place on February 19, 2014 and June 24, 2014. Tr. 53, 83 and 112. ALJ Adams ultimately issued a partially favorable decision dated July 24, 2014, granting Plaintiff her SSI benefits. Tr. 8-33. Ms. Whalen sought review of the denial of her SSDI benefits, which the Appeals Council denied. Tr. 1. Accordingly, the ALJ's decision became the Commissioner's final decision subject to review. Ms. Whalen then filed a timely appeal to this Court.

The parties now agree that this case should be remanded for further proceedings, to include reconsideration of medical evidence and new vocational expert testimony. Dkt. #13. However, the parties have not been able to agree on the scope of the remand.

### III.   JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

### IV.   DISCUSSION

In the instant matter, Plaintiff has asked the Court to remand this matter for a new hearing before a different ALJ to assess her disability from her alleged onset date through November 1, 2013. Dkt. #9 at 1 2 and 18. She requests a new ALJ on the basis that:

> the ALJ failed to fully and fairly develop the record and that she had been denied due process by the admission of a highly prejudicial investigative report, which she maintains was obtained in violation of her constitutional rights. [Dkt. #9, 16-17] During the course of the administrative proceedings, Plaintiff requested on numerous occasions – and in accordance with and the Commissioner's rules – that the ALJ subpoena both the investigator and all of his notes in order to appeal the Commissioner's adverse determinations. [AR. 12, 18, 24, 44, 57, 101,109, 549, 1102] As indicated in Plaintiff's Opening Brief, the ALJ failed to do so; and Plaintiff was never made aware of the full extent of the officer's investigation.

> Furthermore, Whalen specifically asked for the relief sought in this motion. [Dkt. #9, 1-2]  Finally, ALJ Adams is identified as a potential witness in the civil rights case brought against the detective in this action; [Ex. A, Counsel's Decl] having him serve as the ALJ in the case on remand and a potential witness in her civil rights action raises a perception of bias which could readily be dispelled by assigning the case to another ALJ.

Dkt. #14 at 2-3.  Plaintiff also argues that it is not necessary to reopen the decision as to her SSI benefits.  It appears that the parties cannot agree whether the Court should reopen Plaintiff's entire case, including her SSI claim, and whether the Court should direct that the matter be held before a different ALJ.

As an initial matter, the Court agrees with Plaintiff that the favorable determination on Plaintiff's SSI application should not be reopened.  It does not appear that Plaintiff appealed that portion of her decision to this Court, and the Commissioner provides no legal argument as to why that portion of the decision must be reopened.  *See* Dkts. #13 and #14 at 1.

However, the Court disagrees with Plaintiff that this matter should be reassigned to a new ALJ on remand.  The Ninth Circuit has held that "actual bias must be shown to disqualify an administrative law judge."  *Bunnell v. Barnhart*, 336 F.3d 1112, 1115 (9th Cir. 2003).  Plaintiff has failed to demonstrate actual bias on the record before this Court.  While Plaintiff presents the Court with several cases from other District Courts in this Circuit where a new ALJ was directed despite a lack of showing actual bias, those cases are distinguishable.  Those cases involved situations where the prior ALJs had failed to follow orders from the court, failed to examine the matter in any timely matter, or had stated on the record that they would not accept the opinions of the only medical witnesses available.  *See e.g.*, *Reed v. Massanari*, 270 F.3d 838, 845 (9th Cir. 2001); *Baldree v. Colvin*, C.D. Cal. No. SACV 15-00011-KLS, (Sept. 21, 2015), *Campbell v. Astrue*, No. CV 08-7059-PLA, 2009 WL 3244745, *10, n.11 (C.D. Cal. Oct. 7, 2009). As for the case before Judge Pechman, that matter is in its infancy, and there is

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 3

no way of knowing if and when ALJ Adams will ever be used as a witness in that case. Accordingly, the Court finds that Plaintiff fails to demonstrate the necessity for a new ALJ.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED and the case is REMANDED for further administrative proceedings on her SSDI claim. The ALJ shall reevaluate the medical and other opinion evidence, Ms. Whalen's RFC, her credibility and, if necessary, steps two, three, four and five of the five step sequential evaluation. The ALJ shall not reopen the prior decision on Plaintiff's SSI claim.

Plaintiff may choose to re-contact the treating and examining sources for updated records and other medical source statements and obtain additional medical and vocational expert testimony to present at the hearing.

DATED this 12th day of July, 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE